IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **STATE OF WISCONSIN INVESTMENT BOARD, et al.**, On Behalf of Themselves and All Others Similarly Situated. | ] ] ] ] ] | |
| Plaintiffs, | ] ] | |
| v. | ] ] | CV-99-BE-3097-S |
| | ] | **CLASS ACTION** |
| **HAROLD RUTTENBERG, et al.,** | ] ] | |
| Defendants. | ] | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| **GEORGE W. MASSEY,** On Behalf of Himself and All Others Similarly Situated, | ] ] ] ] | |
| Plaintiff, | ] ] | |
| v. | ] ] | CV-99-BE-3129-S |
| **HAROLD RUTTENBERG, et. al.,** | ] ] | |
| Defendants. | ] ] | |

**MEMORANDUM OPINION**

This case is before the court on full remand from the Eleventh Circuit Court of Appeals (doc. # 570). The court assumes the parties' familiarity with the rather intricate procedural and factual milieu of this case and consequently, will not reiterate them in this

1

Memorandum Opinion.[1]

The task before this court on full remand is to re-assess the validity of its Memorandum Opinion (doc. # 555) and Order (doc. # 556) dated January 30, 2004 re-adopting the March 4, 2002 Final Judgment and Order of Dismissal With Prejudice entered by United States District Judge H. Dean Buttram (doc. # 466).[2]  In its Memorandum Opinion of January 30, 2004, this court relied on the holding and rationale of *In re Oil & Gas Litig.*, 967 F.2d 489 (11th Cir. 1992) to conclude that "the bar order contained in Judge Buttram's final judgment is consistent with the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(f)(7)(A) . . .."[3]

After the Deloitte defendants appealed the court's January 30, 2004 order, but prior to the issuance of any appellate ruling in this case, the Eleventh Circuit issued an opinion in *AAL High Yield Bond Fund v. Deloitte & Touche, LLP*, 361 F.3d 1305 (11th Cir. 2004).  In the *AAL High Yield Bond Fund* case, the Eleventh Circuit considered whether a bar order almost identical to the one at issue in this case was impermissibly broad because it extinguished truly independent claims that settling co-defendants may have against one another in related cases.  361 F.3d at 1311-1312.  The court

---

[1] A detailed recitation of the procedural and substantive facts is contained in the court's January 30, 2004 Memorandum Opinion.  *See* doc. # 555.

[2] Between the entry of final judgment and the issuance of the Eleventh Circuit's mandate remanding the case for a statement of reasons in support of the entry of such a broad bar order, Judge Buttram resigned from the court.  Upon remand, the case was reassigned to the undersigned judge.

[3] See *State of Wisconsin Investment Bd., et, al, v. Ruttenberg*, 300 F. Supp. 2d 1210 (N.D. Ala. 2004).

unequivocally held that *In re Oil & Gas Litig.*, 967 F.2d 489 (11th Cir. 1992), the case upon which this court relied, was not controlling authority. *Id*. at 1312. In so holding, the Eleventh Circuit noted the narrowness of its holding in *In re Oil & Gas Litigation*, reasoning that the opinion in that case expressly declined to address the Deloitte defendants' argument that truly independent claims could not be extinguished by the broad bar order entered by the district court. *Id.* Consistent with the above-referenced reasoning, the Eleventh Circuit vacated the bar order entered by the district court in *AAL High Yield Bond Fund* and remanded the matter to the district court "for reconsideration and entry of an order that is reasonable, fair, and equitable." *Id*.

Upon remand, Chief Judge Clemon modified the previously-entered bar order, finding that the Second Circuit's reasoning in *Gerber v. MTC Electronic Tech. Co.*, 329 F.3d 297, 306 (2nd Cir. 2003),[4] was persuasive authority consistent with Eleventh Circuit precedent. *See AAL High Yield Bond Fund v. Deloitte & Touche, LLP*, 00-UWC-1404-S (N.D. Ala. May 1, 2005) (Judge U.W. Clemon). Consistent with the *Gerber* court's reasoning, Judge Clemon narrowed the scope of his previously-entered bar order, holding that, under the circumstances of the case, "a bar order barring only 'claims for

---

[4]In *Gerber v. MTC Electronic Technologies Co.,* 329 F.3d 297 (2nd Cir. 2003), a Second Circuit post-PSLRA case, the court addressed arguments by the non-settling defendants that the district court's bar order was too broad because it extinguished independent claims based on various duties and liabilities established between the parties. 329 F.3d at 306. The *Gerber* court modified what it considered to be an overly broad settlement bar order "to ensure that the only claims that are extinguished are claims where the injury is the non-settling defendants' liability to the plaintiffs." *Id*. at 306-307.

contribution arising out of the action,' as required under [the PSRLA], is the broadest bar order permitted by applicable law." *See AAL High Yield Bond Fund,* 00-UWC-1404-S, at 10.

The court is persuaded by Judge Clemon's rationale and consequently, ADOPTS the reasoning and holding articulated by the district court upon remand in *AAL High Yield Bond Fund v. Deloitte & Touche,* 00-UWC-1404-S (N.D. Ala. May 1, 2005).

Based on the foregoing, the court will, by separate order, VACATE its January 30, 2004 Order (doc. # 556) and its January 30, 2004 Memorandum Opinion (doc. # 555). The court specifically finds that the JFF defendants have not presented sufficient evidence to the court justifying a broad bar order extinguishing potentially independent claims.[5] Consequently, under the circumstances presented in this case, the court specifically finds that the bar order contained in Judge Buttram's final judgment entered on March 4, 2002 is inconsistent with the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(f)(7)(A), and the controlling law of this Circuit. Therefore, the court will, by separate order, modify the previously-entered bar order as follows:

(1) Paragraph Eleven of the bar order contained in Judge Buttram's Final Judgment and Order of Dismissal With Prejudice (doc. # 466) will be modified by deleting its first sentence and replacing the deleted sentence with the following sentence:

---

[5]This finding, however, should not be viewed as any determination as to whether the Deloitte defendants have any viable, independent claims against the JFF defendants.

Upon the Effective Date of the Settlement, all claims for contribution arising out of the Action are thereby barred (a) against Defendants; and (b) by Defendants against any person or entity other than a person or entity whose liability to Class Members has been extinguished pursuant to the Stipulation or this Judgment.

The complete text of paragraph 11 of the Final Judgment and Order of Dismissal With Prejudice entered by Judge Buttram on March 4, 2003, as modified, will read in its entirety:

> Upon the Effective Date of the Settlement, all claims for contribution arising out of the Action are thereby barred (a) against Defendants; and (b) by Defendants against any person or entity other than a person or entity whose liability to Class Members has been extinguished pursuant to the Stipulation or this Judgment.  If any of the Representative Plaintiffs or any Class Member obtains a judgment, award or recovery against any of the Non-Settling Defendants, or any other person who is not a Released Person, on any claim asserted in, relating to, arising out of the subject matter of the Litigation for which any of the Released Person would or could be liable by a claim for contribution or indemnity but for the provisions of this Bar Order, each such Representative Plaintiff or Class Member shall reduce his, her or its judgment, award or recovery against such person in accordance with applicable law or, in the absence of a statute, by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants and the Released Persons for the claims asserted by or on behalf of Representative Plaintiffs and the Class Members, or (b) the value of the consideration paid by or on behalf of the Settling Defendants to Representative Plaintiffs and the Class Members in connection with the Settlement; provided, however, that there shall be no such reduction in the amount of the proceeds received pursuant to the settlement which has been reached between Representative Plaintiffs, the Class Members, and the Non-Settling Defendants, which settlement is described and defined as the "Deloitte Settlement" in the Notice of Class Certification and Settlement of Class Action.  In the event that the Deloitte Settlement is not approved, and subsequently, a final judgment is entered in favor of the Representative Plaintiffs or any Class Member against any Non-Settling Defendant before the adjudication, discharge, or release of any such Non-Settling Defendant's claim against any Released Person, any funds collected on account of such judgment (up to the amount actually received by the representative

Plaintiffs and the Class from the Settlement Fund and the Reserve) shall not be distributed to the Class Members, but shall be set aside pending final adjudication, discharge or release of such claims.

The court will enter a separate, final order VACATING the court's January 30, 2004 Memorandum Opinion(doc. # 555) and Order (doc. # 556) and MODIFYING paragraph Eleven of Judge Buttram's March 4, 2003 Final Judgment and Order of Dismissal With Prejudice (doc. # 466) in a manner consistent with this Memorandum Opinion.

DONE and ORDERED this 14th day of July, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE